IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTE DIVISION

**CIVIL CASE NO. 3:08cv194**

| | |
|---|---|
| **LAURELLE STURDIVANT,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **MONROE POLICE DEPARTMENT** ) <br> and **UNION COUNTY MAGISTRATE** ) <br> **OFFICE,** ) <br> ) <br> **Defendants.** ) <br> ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed Without Prepayment of Fees [Doc. 2] and for a review of the Plaintiff's proposed Complaint [Doc. 1] pursuant to 28 U.S.C. § 1915.

Section 1915(e)(2) of Title 28 provides, in pertinent part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss the case at any time* if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)

(emphasis added). Section 1915(e) "governs IFP filings in addition to complaints filed by prisoners...." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). It is the intent of Congress that the dismissal of insubstantial claims pursuant to this statute be made prior to service of the complaint on the defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). "Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'" Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). As the Fourth Circuit has stated:

> This standard encompasses complaints that are either legally *or* factually baseless. The statutory language dictates a high degree of deference to the discretion of district courts. A claim can be dismissed whenever a district court is "satisfied" the claim is frivolous. Moreover, the term frivolousness itself contemplates deference because "as a practical matter, it is simply not susceptible to categorical definition."

Cochran, 73 F.3d at 1316 (quoting Adams, 40 F.3d at 74).

The Plaintiff brings this action against the Monroe Police Department and the Union County Magistrate Office pursuant to 42 U.S.C. § 1983, alleging that these Defendants have violated her "right of freedom from delilerate [sic] misuse of the law and the courts" and "[h]ave interfered with

2

[her] personal rights of freedom from unjustified legal proceeding[s]." [Complaint, Doc. 1 at 3]. Specifically, the Plaintiff alleges that these Defendants have "allow[ed] someone to misused [sic] the legal system," by charging the Plaintiff with eight crimes, which the Plaintiff alleges have been dismissed, as well as two additional charges, which the Plaintiff denies that she committed.[1] [Id.]. The Plaintiff alleges that these crimes were not investigated, and that the Defendants are slandering her name and "violating [her] reputation." [Id.]. The Plaintiff seeks damages in the amount of $1.5 million for the "mental distress and extreme hypertension and pain and suffering" that she has incurred as a result of these actions. [Id. at 4, 5].

The Plaintiff has failed to state a claim against the Monroe Police Department. In order to state a claim against a governmental entity under § 1983, the Plaintiff must show that her rights were violated pursuant to some governmental policy or custom. See Monell v. Dep't of Social Services, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611

---

[1]Plaintiff claims malicious prosecution under § 1983. Such a claim, however, requires an allegation and proof that the prior criminal proceedings were terminated in the Plaintiff's favor. See Lambert v. Wililams, 223 F.3d 257, 262 (4th Cir. 2000). Plaintiff has not alleged that these two additional charges have been resolved in her favor, and thus, to the extent that her claim is based upon the prosecution of these two charges, her claim must be dismissed.

(1978); McMillian v. Monroe County, 520 U.S. 781, 784, 117 S.Ct. 1734, 1736, 138 L.Ed.2d 1 (1997). The Plaintiff has not set forth any allegation that a custom or policy of the Monroe Police Department caused a violation of her constitutional rights, or even implied what such custom or policy might be. Accordingly, the Court will dismiss the Plaintiff's claim against the Monroe Police Department. However, because the Plaintiff may be able to restate her Complaint to assert a proper claim against this Defendant under Monell, such dismissal will be without prejudice.

Additionally, the Plaintiff's claim against the Union County Magistrate Office must fail. "As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity." Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987). While judicial immunity does not exist where a judicial officer "acts in the clear absence of all jurisdiction," see id., no such absence of jurisdiction is alleged or evident here. Accordingly, the Plaintiff's claims against the Union County Magistrate Office are barred by the doctrine of judicial immunity and therefore are dismissed with prejudice.[2]

---

[2]Such immunity extends only to a plaintiff's request for money damages and does not extend to requests for injunctive or declaratory relief requested pursuant to 42 U.S.C. § 1983. See Allen v. Burke, 690 F.2d 376, 378 (4th Cir. 1982). The Plaintiff seeks only monetary damages in this case and does not make a claim for injunctive or

Finally, the Plaintiff has filed an Application to Proceed Without Prepayment of Fees [Doc. 2]. According to her Application, the Plaintiff has a monthly salary of approximately $400.00; her two children receive Social Security benefits in the amount of $1,272.00 per month; she has $25.00 in a bank account; and she is responsible for supporting her two children and for helping with the support of her husband and nephew. Based upon the Plaintiff's Application [Doc. 2], the Court concludes that the Plaintiff has demonstrated that she is unable to pay the costs of these proceedings and that she should be allowed to proceed without prepayment of fees and costs. Accordingly, the Plaintiff's Application to Proceed Without Prepayment of Fees [Doc. 2] is allowed.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed Without Prepayment of Fees [Doc. 2] is **ALLOWED** to the extent that she is not required to pay the filing fee herein.

**IT IS FURTHER ORDERED** that the Plaintiff's claims against the Defendant Monroe Police Department are **DISMISSED WITHOUT PREJUDICE**.

---

declaratory relief. Accordingly, the Union County Magistrate Office is absolutely immune from the Plaintiff's suit.

**IT IS FURTHER ORDERED** that the Plaintiff's claims against the Defendant Union County Magistrate Office are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed: May 6, 2008

Martin Reidinger
United States District Judge